**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA LYNNE ENGLE,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:17-2185** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **NANCY A. BERRYHILL,** **Acting Commissioner** **of Social Security** | : | |
| | : | |
| **Defendant** | | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Mehalchick, (Doc. 16), recommending that the appeal of plaintiff Jessica Lynne Engle from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be vacated and remanded for a more thorough consideration of plaintiff's mental health symptoms and impairments. Judge Mehalchick reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§401-433, 1381-1383f.[1] The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3).

The Commissioner has filed objections to Judge Mehalchick's report.

---

[1] The court notes that since Judge Mehalchick stated the full procedural history and facts of this case, and since the parties did not object to them, the court will not repeat all of them in this memorandum.

(Doc. 17). For the following reasons, the report and recommendation will be **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner will be **GRANTED**, to the extent that this case will be **REMANDED** to the Commissioner. The Commissioner's objections will be **OVERRULED**.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part,

2

the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

3

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.   RELEVANT MEDICAL EVIDENCE

Judge Mehalchick's report and recommendation ("R&R"), as well as the briefs of the parties, contain a thorough review of the plaintiff's medical history. The parties did not file any objections to Judge Mehalchick's report with respect to plaintiff's medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III. DISCUSSION

The Commissioner raises one objection to the R&R claiming that Judge Mehalchick erred in her report with respect to her finding that the ALJ did not adequately consider the plaintiff's mental health symptoms and her alleged mental health impairments, including bipolar disorder, panic disorder, and depression and manic episodes. The ALJ found these impairments to be non-severe and he did not include any limitations due to these impairments in formulating the plaintiff's residual functional capacity ("RFC"). Judge Mehalchick found that the ALJ failed to thoroughly explain why he considered plaintiff's mental impairments as non-severe and why he did not include any limitations regarding plaintiff's mental health impairments in her RFC.

Plaintiff has been diagnosed with mental health impairments, including bipolar disorder and panic disorder, and she has been prescribed medication for these impairments. In particular, plaintiff was prescribed Seroquel, Lithium and Hydroxyzine. Judge Mehalchick details the specific testimony of the plaintiff as it relates to her great difficulty with daily activities, socializing, and with working due to her mental impairments. The Judge also details plaintiff's testimony regarding the debilitating effect these impairments have on her life.

The ALJ considered the four functional criteria of Listing 12.00, the "paragraph B" criteria for adult mental disorders, but he found that plaintiff's mental health impairments were non-severe. (Doc. 8-2 at 17-18). In particular, the ALJ found that plaintiff had no limitations regarding activities of daily living, and that she had mild limitations in social functioning, and

5

concentration, persistence or pace. (Doc. 8-2 at 17).

The ALJ also found that plaintiff had the RFC to perform a full range of medium work. (Id. at 20) (citing 20 CFR §404.1567(c). Next, at step four, the ALJ found that plaintiff was capable of performing her past relevant work as an administrative clerk, a medical assistant, and instructor-vocational training, a waitress, a bartender, a sales clerk, and a telemarketer. The ALJ further found that "[a]lthough the claimant is capable of performing past relevant work, there are other jobs existing in the national economy that [plaintiff] is also able to perform." Finally, the ALJ concluded that since plaintiff "has a residual functional capacity for the full range of medium exertional level work, Medical Vocational Rule 203.29 directs a finding of 'not disabled.'" (Id. at 23-24).

Judge Mehalchick found that the ALJ erred by failing to properly evaluate plaintiff's mental impairments and to properly account for these impairments in determining her RFC. As indicated, the plaintiff's RFC included only exertional limitations and did not have any non-exertional limitations.[2] Although the ALJ found that plaintiff had the RFC to perform a full range of medium work without any additional limitations, he did not adequately address plaintiff's mental impairments and the court cannot determine if the ALJ properly accounted for plaintiff's limitations in social

---

[2] The ALJ is required to consider all relevant evidence in the record when assessing a plaintiff's RFC at step four. *See* Fargnoli, 247 F.3d at 41-42.

functioning, and concentration, persistence or pace, as well as all of her symptoms from her mental health impairments in formulating her RFC. (*See* Doc. 8-2 at 21). "[A]n ALJ must consider limitations and restrictions associated with all of a claimant's impairments, both severe and non-severe, when formulating the RFC." Kich v. Colvin, 218 F.Supp.3d 342, 355 (M.D.Pa. 2016) (citing 20 C.F.R. §404.1545(a)(2)). Also, the ALJ is required to consider the combined effects of all of plaintiff's non-exertional limitations. Sykes v. Apfel, 228 F.3d 259, 270 (3d Cir. 2000). "A conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ to simply disregard those impairments when assessing a claimant's RFC and making conclusions at step four and five." Kich, 218 F.Supp.3d at 355-56 (citation omitted).

As Judge Mehalchick states, "[d]espite, [plaintiff's] extensive testimony at the hearing regarding her bipolar disorder, her panic attacks, her inability to handle stress, and inability to interact with co-workers and supervisors, the RFC makes no mention of any limitations related to mental health conditions, nor is an explanation provided regarding the exclusion of any mental health limitations in the RFC." Further, the ALJ did not properly explain why his determination that the plaintiff's "statements, and those of her daughter concerning the intensity, persistence and limiting effects of [her mental health] symptoms" were "not entirely consistent with the medical evidence and other evidence in the record."

The ALJ must consider all of the relevant evidence and give a clear

explanation to support his findings." Fargnoli, 247 F.3d at 40-41 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)). If the ALJ discounts certain evidence, he must give some indication of the reasons for discounting that evidence." Fargnoli, 247 F.3d at 43. The ALJ has the duty to adequately explain the evidence that he rejects or to which he affords lesser weight. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-06 (3d Cir. 2009) (holding that because the ALJ did not provide an adequate explanation for the weight he gave to several medical opinions, remand was warranted). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." Morales v. Colvin, 2016 WL 907743, at *8–9 (M.D. Pa. Mar. 2, 2016) (citations omitted).

      The court finds that the ALJ's decision is not clear whether the ALJ gave full consideration to plaintiff's mental impairments and whether he adequately accounted for them in determining her symptoms and her RFC. The court also finds that the ALJ failed to provide a complete explanation regarding his finding that the medical evidence in the record did not fully support the degree of the limitations plaintiff alleged with respect to her mental impairments, including her alleged significant limitations in her daily living. Additionally, the ALJ failed to properly discuss why he did not include any mental limitations in the plaintiff's RFC to accommodate the ones supported by the record, including her GAF scores, and the symptoms plaintiff discussed in her testimony regarding these limitations. As such, the case of Hamm v. Berryhill, 2018 WL 317935 (M.D.Pa. Jan. 8, 2018), upon

which the Commissioner relies, in part, is distinguishable from the instant case. The court finds the Kich case is more on point and persuasive. In Kich, the Court found that even though the ALJ determined that the plaintiff had mild limitations in social functioning and concentration, persistence, or pace, he did not provide an explanation as to why he excluded any related limitations in the RFC. Thus, the court in Kich could not conclude that the RFC was supported by substantial evidence since it did not include any mental health related limitations. Further, the record in this case provides support for including the stated limitations into the plaintiff's RFC, in particular the limitation on plaintiff's ability to interact with others.

## IV. CONCLUSION

In light of the foregoing, Judge Mehalchick's report and recommendation, (Doc. 16), is **ADOPTED**, and the Commissioner's objections, (Doc. 17), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **GRANTED** and, pursuant to 42 U.S.C. §405(g), the decision of the Commissioner is **VACATED**. This case is **REMANDED** to the Commissioner for further proceedings consistent with this memorandum. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 1, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2185-01.wpd